UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00135-GNS-LLK

EVERETT BRADFORD                                                                    PLAINTIFF

v.

U.S. DEPARTMENT OF LABOR                                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff brings this action for review of the Department of Labor decisions denying his claims for compensation under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA" or "Act"), 42 U.S.C. §§ 7384 to 7385s-16. Because the only decision for which review is available is not arbitrary or capricious, Plaintiff's claim is **DENIED**. As such, Defendant's Motion for Leave to File Sur-Reply (DN 32) is **DENIED AS MOOT**.

### I.   STATEMENT OF FACTS AND CLAIMS

This matter comes before the Court regarding the challenge of Plaintiff Everett Bradford ("Bradford") to the denial of his claim for benefits under the EEOICPA. (Compl. ¶ 3, DN 1). The Department of Labor ("Department") administers the compensation program that the statute creates. Bradford purportedly worked for at the Paducah Gaseous Diffusion Plant ("PGDP") at various periods from 1951 to 1979. (Administrative R. 2617-2622 [hereinafter AR]). As alleged in the Complaint, Bradford was exposed to hazardous substances, specifically beryllium, that ultimately resulted in chronic beryllium disease ("CBD"). (Compl. ¶ 5). Bradford claims he is entitled to compensation and benefits under EEOICPA Part B. (Compl. ¶ 15). After denying his

1

initial claim, the Department denied his request to re-open the decision on May 6, 2014. (Compl. ¶ 17).

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 as a federal question under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, is presented.

## III. STANDARD OF REVIEW

Where no statutory provisions provide otherwise, administrative decisions are reviewed under the APA. 5 U.S.C. § 704. Courts reviewing administrative action under the APA set aside decisions that are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A). "Under this APA standard, the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Ky. Waterways All. v. Johnson*, 540 F.3d 466, 473 (6th Cir. 2008) (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989)). "The arbitrary and capricious standard is the most deferential standard of judicial review of agency action, upholding those outcomes supported by a reasoned explanation, based upon the evidence in the record as a whole." *Mich. Bell Tel. Co. v. MCIMetro Access Transmission Servs., Inc.*, 323 F.3d 348, 354 (6th Cir. 2003) (citation omitted). Those contesting an agency's decision must "show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 475 (6th Cir. 2004) (citation omitted) (internal quotation marks omitted). "If there is any evidence to support the agency's decision, the decision is not arbitrary or capricious." *Whaley v. U.S. Dep't of Labor*, No. 3:07-CV-212, 2008 WL 2446680, at *3 (E.D. Tenn. June 17, 2008) (quoting *Coal. for Gov't Procurement*, 365 F.3d at 475). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that

outcome is not arbitrary or capricious." *Perry v. United Food & Commercial Workers Dist. Unions 405 & 442*, 64 F.3d 238, 242 (6th Cir. 1995) (citation omitted) (internal quotation marks omitted).

## IV. DISCUSSION

Bradford seeks review both of the denial of his Part E and Part B claims under the EEOICPA and the denial of the request to reopen that claim. (Pl.'s Br., DN 29). Because this Court lacks jurisdiction to review the denial of the request to reopen, this ruling is limited to the final decision. In short, compensation was denied not because of a failure to link the decedent's CBD to his exposure at PGDP, but for failure to establish his diagnosis with CBD in the first place.

### A. Requests to Reopen Are Unreviewable

In accordance with the Court's earlier decisions in *Lanier v. U.S. Department of Labor*, No. 5:14-CV-228-GNS-LLK, 2015 WL 3607650 (W.D. Ky. June 8, 2015), and *Berry v. U.S. Department of Labor*, No. 5:14-CV-168-GNS, 2015 WL 1638495 (W.D. Ky. Apr. 13, 2015), requests to reopen the EEOICPA Part B claims are not subject to judicial review. *See Berry*, 2015 WL 3607650, at *2-4; *Lanier*, 2015 WL 1638495, at *3-4 (citing *Cottrell v. Sullivan*, 987 F.2d 342 (6th Cir. 1992). Bradford cites *Kucana v. Holder*, 558 U.S. 233 (2010), and *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199 (2015), for the proposition that her request to reopen is reviewable. (Pl.'s Br. 19, 22). This Court has previously ruled that neither case applies to a request to reopen based upon a regulatory right to reopen. *Berry v. U.S. Dep't of Labor*, No.

5:14-CV-228-GNS-LLK, 2015 WL 5786823, at *2, 3 (W.D. Ky. Sept. 30, 2015).[1] Therefore, the Court will deny Bradford's request to reopen the Department's decision.

### B. Part E Claims

Under the EEOICPA, final decisions of DOL are reviewable under Part E as follows:

> A person adversely affected by a final decision of the Secretary under [Part E] may review that order in the United States district court . . . by filing in such court within 60 days after the date on which that final decision was issued a written petition praying that such decision be modified or set aside . . . . Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision.

42 U.S.C. § 7385s-6(a).

This Court has previously ruled that compliance with the 60-day filing deadline under Section 7385s-6(a) is a jurisdictional prerequisite for judicial review of DOL's final decisions denying claims under Part E. *See Lanier*, 2015 WL 1638495, at *2-3. The Department denied Bradford's Part E claim on May 1, 2013, which became final on July 26, 2013. (Def.'s Br. 18, DN 30). Under 42 U.S.C. § 7385s-6(a), federal court jurisdiction to review the denial of Bradford's Part E claim expired 60 days after July 26, 2013. Bradford's request for review with this Court was not filed until almost a year later on July 2, 2014, long after the 60-day time limit had expired. Thus, the Court lacks jurisdiction to review the portion of the May 1, 2013, decision denying Bradford's Part E claim.

---

[1] Plaintiff also argues that the director of the DOL did not properly deny Plaintiff's request to reopen and instead improperly delegated this authority to district directors. (Pl.'s Reply Br. 6, DN 31). This Court has rejected a similar argument in *Lanier*, and the Court sees no reason for a different result in this case. Further, the Court need not address this issue regardless as Plaintiff makes this argument for the first time in his reply. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

### C. Arbitrary and Capricious Review

Part B of the EEOICPA does not contain any specific provision either allowing for or precluding judicial review, so this Court has federal question jurisdiction to review DOL's final decisions to deny claims for benefits under Part B of the EEOICPA pursuant to 28 U.S.C. § 1331. *Califano v. Sanders*, 430 U.S. 99, 105 (1977). Since the EEOICPA is silent on the procedures to be employed in adjudicating claims for compensation under the Act, courts have employed the APA's "arbitrary or capricious" standard when reviewing DOL's final decisions denying claims for compensation under Part B of the EEOICPA. *See Yatsko v. U.S. Dep't of Labor*, 439 F. App'x 122, 124 (3d Cir. 2011); *Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 379-80 (5th Cir. 2008) (per curiam). Under the APA's "arbitrary or capricious" standard, a reviewing court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Johnson*, 540 F.3d at 473 (citation omitted).

Bradford argues "[t]he Record clearly establishes that Bradford has Chronic Beryllium Disease . . . ." (Pl.'s Br. 6). Even if this were true, this is not the standard under which this Court must evaluate the Department's actions. Bradford must "show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations." *Coal. for Gov't Procurement*, 365 F.3d at 475. Bradford has made no such showing.

EEOICPA establishes a statutory diagnostic standard for CBD:

For diagnoses before January 1, 1993, the presence of—
    **(i)** occupational or environmental history, or epidemiologic evidence of beryllium exposure; and
    **(ii)** any three of the following criteria:
        **(I)** Characteristic chest radiographic (or computed tomography (CT)) abnormalities.

5

> **(II)** Restrictive or obstructive lung physiology testing or diffusing lung capacity defect.
> **(III)** Lung pathology consistent with chronic beryllium disease.
> **(IV)** Clinical course consistent with a chronic respiratory disorder.
> **(V)** Immunologic tests showing beryllium sensitivity (skin patch test or beryllium blood test preferred).

42 U.S.C. § 7384l(13)(B). Generally, when the documentation purporting to establish CBD is dated before 1993 as in the present case, the pre-1993 statutory definition may be used. *See* Federal (EEOICPA) Procedure Manual, ch. 2-1000.6 ("depends on the totality of the medical evidence").[2] The EEOICPA Procedure manual provides a list on documentation which the DOL may base a finding of a clinical course consistent with CBD. Here, Bradford has a work history at PGDP and was diagnosed with lung defects prior to 1993. (AR 436, 2617-2622). Thus, the DOL applied the pre-1993 statutory definition using his medical documentation. There is also no dispute Bradford satisfies the occupational history requirement. He was employed at a covered facility where beryllium was present. (AR 434-435). Therefore, Bradford meets the occupational requirements of criterion (i).

The Department's final decision found two of five criteria satisfied for a pre-1993 diagnosis. Criterion (II) was satisfied as Bradford exhibited a moderate obstructive ventilatory defect. (Def.'s Br. 21). Criterion (IV) was met because the decedent exhibited a clinical course consistent with a chronic respiratory disorder. (Def.'s Br. 22). Three of the five criteria must be met, however, to diagnose pre-1993 CBD under the statute. 42 U.S.C. § 7384l(13)(B).

The only other Criterion at issue, (I) (characteristic chest radiographic abnormalities), is not satisfied. Bradford points out that the Department's procedure manual lists lung abnormalities as one of the diagnostic indicators of CBD, and that the decedent's medical records include findings of "pulmonary emphysema, chronic obstructive pulmonary disease,

---
[2] http://www.dol.gov/owcp/energy/regs/compliance/PolicyandProcedures/proceduremanualhtml/unifiedpm/Unifiedpm_part2/Chapter2-1000EligibilityCriteria.htm (accessed 4/11/2016).

small airway disease, interstitial lung disease, chronic bronchitis, pneumonitis, pulmonary hypertension and chronic beryllium disease." (Pl.'s Br. 10-13). Those findings, however, are not dispositive of a CBD diagnosis because the Department's guidelines provide that the diagnostic findings are merely consistent with and not conclusive indications of CBD. Federal (EEOICPA) Procedure Manual, ch. 2-1000.6(c) ("[T]he DEEOIC staff accepts these diagnostic findings **as either being characteristic of** or denoting abnormalities **consistent with** CBD." (emphasis added)). This qualification is not present in all indicators listed, which reflects the Department's conclusion that those particular findings do not always evidence the "characteristic chest radiographic abnormalities" required to diagnose CBD by statute.

The Department had a medical consultant examine Bradford's x-rays and other diagnostic scans to determine whether criterion (I) was met. Examining all available reports, the consultant concluded the available chest radiography does not show characteristic abnormalities of CBD. (AR 451). This Court concludes the Department's decision was neither illogical nor in contravention of its published procedures. The procedure manual which Plaintiff cites as contradictory to the medical consultant's opinions does not dictate that the results indicated always meet criterion (I). The medical consultant's explanation for determining some findings were inconsistent with CBD was explained logically. The Department's decision followed from the conclusions of the medical consultant. (AR 434-435). Plaintiff did not even prove that he had CBD and therefore the presumption of causation is not applicable. As the Supreme Court has noted, "[a] court is not empowered to substitute its judgment for that of the agency." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). Because the Department's decision was based on a "consideration of the relevant factors" and there was no "clear error of judgment", the decision is neither arbitrary nor capricious. *Id.*

7

## V. CONCLUSION

Bradford's medical records did not establish the statutory criteria for a diagnosis of CBD. The Department's decisions so concluding were logical and based on evidence in the record, so that its decision was not arbitrary and capricious. Consequently, Bradford's claim was properly denied, and this case must be **DISMISSED**. As such, Defendant's Motion for Leave to File Sur-Reply (DN 32) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
July 18, 2016

cc: counsel of record